IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUCRETIA BRINSON, ET AL.,<br><br>  Plaintiff,<br><br>v.<br><br>DELOITTE, ET AL.,<br><br>  Defendant. | CIVIL ACTION FILE NO.<br><br>1:21-cv-4995-JPB-JKL |

## FINAL REPORT AND RECOMMENDATION

This employment discrimination case is before the Court on Defendant's Motion to Dismiss [Doc. 12], Plaintiff's Motion to Withdraw Complaint Without Prejudice [Doc. 16], and this Court's orders of February 2, 2022 and February 15, 2022 [Docs 15, 17]. For the reasons discussed herein, it is **RECOMMENDED** that Defendant's motion to dismiss be **GRANTED** and that Plaintiff's motion be **DENIED AS MOOT**.

On December 7, 2021, Plaintiff filed this action. [Doc. 1.[1]] According to the complaint, Plaintiff is an African American female and is at least 40 years old.

---

[1] The complaint also appears on the docket at docket entries 5 and 8 as the "amended complaint." [*See* Docs. 5, 8.] Plaintiff filed these documents after the Court denied her repeated requests to seal the entirety of the case. The versions of the complaint docketed at entries 5 and 8 are identical to the version of the

[*Id.* ¶ 4.] She began working for Defendant in May 2013 and remained employed with Defendant "[a]t all times relevant to this suit." [*Id.* ¶¶ 4, 10.] For some portion of her employment, she worked in Defendant's Human Capital practice in Atlanta. [*Id.* ¶ 9.] The complaint is otherwise devoid of factual content surrounding Plaintiff's employment.

Plaintiff asserts six counts of unlawful discrimination:

- Count 1: race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII");

- Count 2: gender discrimination in violation of Title VII

- Count 3: age discrimination in violation of the Age Discrimination in Employment Act (the "ADEA") and the Georgia Age Discrimination Act, O.C.G.A. § 34-1-2;

- Count 4: retaliation in violation of Title VII;

- Count 5: "harassment" in violation of Title VII in retaliation for her complaining about discrimination and engaging in protected activity; and

---

complaint Plaintiff filed on December 7, 2021. As a result, the initially-filed complaint on December 7, 2021, remains the operative complaint in this case.

- Count 6: pay discrimination under the Equal Pay Act.

[Doc. 1 ¶¶ 27-48.]

On January 13, 2022, Defendant moved to dismiss the complaint, principally on the basis that it is a shotgun complaint. [Doc. 12.] Plaintiff did not respond to the motion. On February 2, 2022, the Court entered an order finding the complaint to be an impermissible shotgun pleading and directed Plaintiff to file a more definite statement under Rule 12(e) no later than February 16, 2022. [Doc. 15.] The Court also thoroughly detailed the numerous problems with the complaint, including:

- Plaintiff failed to state a plausible claim for gender, race, or age discrimination because the complaint was devoid of any allegations that she suffered an adverse employment, much less one that was the connected to a decisionmaker's discriminatory animus. [*Id.* at 9-10.]

- Plaintiff did not state a plausible Title VII retaliation claim because she did not allege any factual content to suggest that she suffered an adverse employment action, that she engaged in a protected activity, or that linked such activity to an adverse employment action. [*Id.* at 11-12.]

- Plaintiff failed to state a claim for retaliatory hostile work environment because she did not allege she engaged in statutorily protected activity that was linked to alleged harassment or identify any acts of alleged harassment that were sufficiently severe or pervasive. [*Id.* at 12-14.]

- Plaintiff's Georgia Age Discrimination Act claim failed because binding precedent holds there is no private right of action under that act. [*Id.* at 10-11.]

- Plaintiff failed to state a plausible Equal Pay Act claim because she did not allege that anyone, much less any of her comparable male coworkers, were paid more than her. [*Id.* at 14.]

- Finally, Plaintiff's Title VII and ADEA claims were subject to dismissal on the alternative basis because Plaintiff had not carried her burden to show that she exhausted her administrative remedies or that she timely filed this case within 90 days of her receipt of the notice of right to sue. [*Id.* at 15.]

On February 14, instead of filing an amended complaint that cured the pleading deficiencies identified by the Court, Plaintiff filed a one-sentence motion to "withdraw" her complaint. [Doc. 16.] Because it appeared that Plaintiff's

motion was an attempt to voluntarily dismiss this action under Rule 41, the Court directed Plaintiff that if she intended to voluntarily dismiss this action without prejudice, she must file a notice of dismissal that complied with Rule 41 no later than February 17. [Doc. 17.] As of the date of this report and recommendation, Plaintiff has neither filed an amended complaint nor filed a notice of dismissal under Rule 41.

As the Court explained in its February 2 Order, Plaintiff's complaint fails to state a plausible claim for relief. Plaintiff has made no effort to cure these defects, despite the Court giving her the opportunity to do so. In addition, through her motion to "withdraw" her complaint, she has indicated that she does not intend to pursue her claims at this time. As a result, it is **RECOMMENDED** that the Court **GRANT** Defendant's motion to dismiss [Doc. 12] and dismiss all Plaintiff's claims without prejudice, with the exception of the Georgia Age Discrimination Act claim, which should be dismissed with prejudice because there is no set of facts that could be pled that could give rise to a private cause of action. It is further **RECOMMENDED** that Plaintiff's motion to withdraw [Doc. 16] be **DENIED AS MOOT**.

IT IS SO RECOMMENDED this 24th day of February, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge